**TEXAS DEPARTMENT OF HEALTH, Leonel Vela, Karen Hollingsworth, Derric Trevino, Dora Del Toro, and Enedina Magana, Appellants,**

v.

**Simon ROCHA, Appellee.**

**No. 13-02-00160-CV.**

Court of Appeals of Texas, Corpus Christi-Edinburg.

March 27, 2003.

David S. Morales, Asst. Atty. Gen., Austin, for Appellant.

Ruben R. Pena, Law Offices of Ruben R. Pena, P.C., Harlingen, for Appellee.

Before Justices HINOJOSA, CASTILLO, and CHAVEZ.[1]

**OPINION**

Opinion by Justice HINOJOSA.

This is an interlocutory appeal from the trial court's order denying a plea to the jurisdiction based on sovereign immunity.[2] In a single issue, appellants, Texas Department of Health ("TDH"), Leonel Vela, Karen Hollingsworth, Derric Trevino, Dora Del Toro, and Enedina Magana, contend the trial court erred in denying their plea to the jurisdiction. We reverse and render.

**A. BACKGROUND AND PROCEDURAL HISTORY**

On August 29, 1997, appellee, Simon Rocha, filed suit in the District Court of Cameron County against appellants, individually and in their official capacities as TDH employees. Rocha alleged that: (1) he was wrongfully terminated; (2) appellants had engaged in civil conspiracy, libel, slander, and intentional infliction of emo-

tional distress; and (3) appellants had deprived him of his constitutional rights to due process and equal protection.

On October 7, 1997, appellants filed a plea to the jurisdiction and special exceptions, asserting that sovereign immunity and qualified immunity barred all claims against TDH and the named TDH employees. The trial court granted the special exceptions, in part, finding that Rocha had failed to sufficiently plead facts to support his common law and constitutional claims. The court ordered Rocha to replead in conformity with the special exceptions within thirty days.

On August 19, 1998, Rocha filed his first amended petition, alleging that Hollingsworth, Trevino, Del Toro, and Magana had conspired to fabricate incidents of inappropriate behavior to get him fired and that he had been wrongfully terminated by TDH and Vela. Rocha asserted causes of action for libel, slander, and civil conspiracy against Hollingsworth, Trevino, Del Toro, and Magana. He also asserted causes of action for intentional infliction of emotional distress against Hollingsworth, Trevino, and Magana. Based on TDH's alleged failure to "protect [his] constitutional rights of due process and equal protection by failing to notify [him] of the specific charges against him [and] the names of the individuals who were making the accusations," Rocha asserted a cause of action for wrongful termination against Vela.

Appellants filed a motion for summary judgment asserting the affirmative defense of official immunity, which the trial court denied. On interlocutory appeal, this

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. This Court has jurisdiction to hear an interlocutory appeal of an order denying a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2003).

Court reversed the trial court's order denying appellants' motion for summary judgment as it related to Vela, Trevino, Del Toro, and Magana, dismissing all claims against them in their individual capacities. *See Vela v. Rocha,* 52 S.W.3d 398 (Tex.App.-Corpus Christi 2001, no pet.).

On February 5, 2002, Hollingsworth again moved for summary judgment based on official immunity. Concurrently, TDH, Vela, Hollingsworth, Trevino, Del Toro, and Magana, in their official capacities, filed their first amended plea to the jurisdiction seeking dismissal of all claims asserted by Rocha, based on sovereign immunity. The trial court granted Hollingsworth's motion for summary judgment, thereby dismissing all claims against her in her individual capacity. However, the court denied appellants' plea to the jurisdiction in its entirety.

### B. Standard of Review

This appeal is strictly limited to our review of the trial court's ruling on the plea to the jurisdiction. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2003). A plea to the jurisdiction is the vehicle by which a party contests the trial court's subject matter jurisdiction over the cause of action. *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). Absent the state's consent to suit, a trial court has no subject-matter jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638–39 (Tex.1999). A governmental unit may properly challenge a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Id.*

On appeal, because the question of subject-matter jurisdiction is a legal question, the appellate court reviews the trial court's ruling on a plea to the jurisdiction under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *Mission Consol. Indep. Sch. Dist. v. Flores,* 39 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2001, no pet.). The trial court must not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question. *County of Cameron v. Brown,* 80 S.W.3d 549, 555–56 (Tex. 2002) (citing *Texas Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000)). In doing so, the trial court must construe the plaintiff's pleadings liberally in favor of jurisdiction, *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989), and must take all factual allegations pleaded as true, unless the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction. *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and such defect is incurable, immediate dismissal of the case is proper. *Peek,* 779 S.W.2d at 804–05; *City of Austin v. L.S. Ranch,* 970 S.W.2d 750, 753 (Tex.App.-Austin 1998, no pet.). However, the mere failure of a petition to state a cause of action does not show a want of jurisdiction in the court. *Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910, 917 (1960). If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show incurable defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. *Brown,* 80 S.W.3d at 555; *Peek,* 779 S.W.2d at 804–05.

## C. Sovereign Immunity

 Sovereign immunity, unless waived, protects the State of Texas from lawsuits for damages absent legislative consent. *Gen. Servs. Comm'n. v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex.2001). Sovereign immunity derives from the principle that the sovereign may not be sued in its courts without its consent. *Tex. Workers' Comp. Comm'n v. Garcia*, 862 S.W.2d 61, 72 (Tex.App.-San Antonio 1993), *rev'd on other grounds*, 893 S.W.2d 504 (Tex.1995). Sovereign immunity encompasses two principles: immunity from suit and immunity from liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Immunity from liability protects the state from judgments, even where there is an express consent on the part of the Legislature to permit a suit. *Id.* Immunity from liability is an affirmative defense that is waived if not pleaded. *Jones*, 8 S.W.3d at 638 (citing *Davis v. City of San Antonio*, 752 S.W.2d 518, 519–20 (Tex.1988)). Immunity from suit, on the other hand, bars a suit against the state unless the state expressly gives consent to the suit. *Fed. Sign*, 951 S.W.2d at 405. Immunity from suit, then, deprives a trial court of subject-matter jurisdiction over the governmental agency, even if liability is undisputed. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002).

 The doctrine of sovereign immunity insulates agency action from judicial review unless a statute provides for such review, the action violates constitutional due process, or the constitution waives the state's immunity from suit. *Martin v. Texas Bd. of Criminal Justice*, 60 S.W.3d 226, 229 (Tex.App.-Corpus Christi 2001, no pet.); *Southwest Airlines v. Tex. High-Speed Rail Auth.*, 867 S.W.2d 154, 157 (Tex.App.-Austin 1993, writ denied). A suit against an agency of the state is considered to be a suit against the state. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976); *Martin*, 60 S.W.3d at 229. Therefore, as a state agency, TDH is entitled to the same sovereign immunity enjoyed by the State of Texas. Likewise, as public officials sued in their official capacities, Vela, Hollingsworth, Trevino, Del Toro, and Magana are protected by the same sovereign immunity enjoyed by the state agency they represent. *Morris v. Copeland*, 944 S.W.2d 696, 698–99 (Tex.App.-Corpus Christi 1997, no pet.).

### 1. *Common-Law Tort Claims*

 Appellants contend that the Texas Legislature has not waived TDH's sovereign immunity to the common-law tort claims of civil conspiracy, libel, slander, negligence, and intentional infliction of emotional distress. Rocha has not provided any authority or argument to this Court that sovereign immunity has been waived.

 For the trial court to have jurisdiction, the plaintiff who sues the state under state law must establish a waiver of sovereign immunity by: (1) alleging legislative consent to such suit in his petition, either by reference to a statute or express legislative permission, and (2) pleading facts that fall within the scope of the legislative consent. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587·(Tex. 2001); *Jones*, 8 S.W.3d at 638. In determining whether it has jurisdiction, the trial court must not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question. *Brown*, 80 S.W.3d at 555–56; *Bland*, 34 S.W.3d at 554.

Because Rocha failed to establish such a waiver, the trial court should have dismissed all of Rocha's tort claims against TDH and its employees. Accordingly, we hold the trial court erred in denying appel-

lants' plea to the jurisdiction as it relates to Rocha's claims of civil conspiracy, libel, slander, negligence, and intentional infliction of emotional distress.

### 2. Constitutional Claims

#### a. Due Process

■ Sovereign immunity does not preclude a claim that the state deprived the plaintiff of property without due process of law. *Brazosport Sav. & Loan Ass'n v. Am. Sav. & Loan Ass'n,* 161 Tex. 543, 342 S.W.2d 747, 750–52 (1961); *Martin,* 60 S.W.3d at 230. Appellants contend that Rocha's first amended petition fails to allege any facts to support a claim that his constitutional right of due process was violated.

■ Unless an employee has a property interest in continued employment, absent an infringement on his liberty, he is not entitled to procedural or substantive due process when his state employment is terminated. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Renken v. Harris County,* 808 S.W.2d 222, 226 (Tex. App.-Houston [14th Dist.] 1991, no writ). Thus, the dispositive question becomes whether Rocha sufficiently pleaded a property or liberty interest in his employment with TDH to invoke the "due course of law" clause of the Texas Constitution.[3]

■ At-will employment is an important and longstanding doctrine in Texas. *See Fed. Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex.1993). Under the employment-at-will doctrine, absent a specific agreement to the contrary, the relationship between an employer and employee is "at-will," meaning that either party may terminate the employment rela-

tionship for any reason or no reason at all. *Tex. Farm Bureau Mut. Ins. Cos. v. Sears,* 84 S.W.3d 604, 608 (Tex.2002).

Rocha's petition is devoid of any facts asserting that he had any type of agreement with TDH that created a property interest in his employment. In an effort to establish a property interest, Rocha attached documents to his appellate brief that appear to be portions of a TDH employee manual. These documents set forth the procedures for the dismissal of unsatisfactory employees, as well as possible reasons for dismissal. However, this Court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs. *RWL Constr., Inc. v. Erickson,* 877 S.W.2d 449, 451 (Tex.App.-Houston [1st Dist.] 1994, no writ); *Mitchison v. Houston Indep. Sch. Dist.,* 803 S.W.2d 769, 771 (Tex. App.-Houston [14th Dist.] 1991, writ denied); *see* Tex.R.App. P. 34.5 (designation of filings in clerk's record).

Because Rocha's first amended petition does not allege a property interest requiring due-process considerations, we hold that the trial court erred in denying appellants' plea to the jurisdiction as it relates to Rocha's claimed violation of procedural and substantive due process.

#### b. Equal Protection

■ Appellants contend that Rocha also has failed to plead an actionable equal protection claim under the Texas Constitution. Article I, Section 3a of the Texas Constitution provides, in part, "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin." Tex. Const. art. I, § 3a.

---

**3.** We limit our analysis to the Texas Constitution because in paragraph eight of his first amended petition, Rocha asserted, "Plaintiff

forgoes any federal constitutional claims and limits all of his claims to those permitted him under Texas Law and the Texas Constitution."

Rocha's first amended petition does not allege any specific facts showing he was denied any rights, or treated differently, because of his sex, race, color, creed, or national origin. Rocha simply alleges that other TDH employees who were accused of sexual harassment were not terminated, and that such conduct violates his rights to equal protection. These facts, even if taken as true, do not allege an equal protection claim sufficient to overcome the sovereign immunity of appellants. Therefore, we hold that the trial court erred in denying appellants' plea to the jurisdiction as it relates to Rocha's equal protection claim.

Accordingly, we sustain appellants' sole issue.

We reverse the trial court's order denying appellants' plea to the jurisdiction. We render judgment granting appellants' plea to the jurisdiction and dismissing all of Rocha's claims against appellants for lack of subject matter jurisdiction.