ACCEPTED
06-14-00101-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/8/2015 4:08:56 PM
DEBBIE AUTREY
CLERK

## ORAL ARGUMENT REQUESTED

### CASE NO. 06-14-00101-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/8/2015 4:08:56 PM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS FOR THE SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA, TEXAS

## IN THE MATTER OF THE MARRIAGE OF

## EMMA RUTH VINSON AND BEN ANDREW VINSON

## BEN ADREW VINSON, RESPONDENT/APPELLANT

## EMMA RUTH VINSON, PETITIONER/APPELLEE

On Appeal from the County Court at Law
Rusk County, Texas
The Hon. Robin Sage, Sitting by Assignment, Presiding
Trial Cause No. 2011-12-590CCL

## RESPONSE BRIEF OF APPELLEE EMMA RUTH VINSON

**BEAU T. SINCLAIR**
SBN: 24029835

**SINCLAIR LAW OFFICE, PC**
400 S. Broadway Ave., Suite 102
Tyler, Texas 75702
(903) 533-1005
(903) 533-1379 (fax)
*e-mail: info@sinclairlawtyler.com*
ATTORNEY FOR THE APPELLEE

## IDENTITY OF ALL PARTIES AND COUNSEL

The undersigned counsel of record for Appellee certifies that the following listed persons have an interest in the outcome of this case. These representations are made so that this Court may evaluate possible disqualifications or recusal.

1.     The Appellant and Respondent below is **Andrew Ben Vinson**. He was represented at trial and on appeal by **Joe Shumate**. Appellant's briefing attorney on appeal is **James J. Rosenthal**. The contact information for Joe Shumate and James J. Rosenthal is 107 N. Main St., PO Box 1915, Henderson, Texas 75653.

2.     Appellee and Petitioner below is **Emma Ruth Vinson**. She was represented at trial by **Robert Foster**, SBN 07295200, 227 E. Tyler Street, Longview, Texas 75601. She is represented on appeal by **Christina M. Davis**, SBN 24074115, lead counsel. Appellee's briefing attorney on appeal is **Beau T. Sinclair**, SBN 24029835. The contact information for Beau T. Sinclair and Christina M. Davis is 400 S. Broadway Ave., Suite 102, Tyler, TX 75702.

# TABLE OF CONTENTS

IDENTITY OF ALL PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ....................................................................................... iii

INDEX OF AUTHORITIES - CASES .................................................................. iv

INDEX OF AUTHORITIES - STATUTES AND RULES ...................................... iv

ABBREVIATIONS ............................................................................................... 1

STATEMENT OF THE RECORD ........................................................................ 1

STATEMENT OF THE CASE ........................................................................... 1-2

RESPONSE TO ISSUE PRESENTED .................................................................. 3

STATEMENT OF FACTS .................................................................................... 2

SUMMARY OF ARGUMENT ......................................................................... 3-5

ARGUMENT AND AUTHORITIES .............................................................. 5-12

    Response to Issue Presented:  The trial court did not abuse its discretion in
    dividing the Texas Bank 401k Plan between the parties, nor did it abuse its
    discretion by not confirming certain other portions of the account as
    Appellant's separate property. ......................................................................... 6

PRAYER .......................................................................................................... 12

CERTIFICATE OF COMPLIANCE ................................................................. 13

CERTIFICATE OF SERVICE ......................................................................... 13

APPENDIX ..................................................................................................... 14

# INDEX OF AUTHORITIES

## *Cases*

*Murff v. Murff*, 615, S.W.2d 696 (Tex. 1981).................................................5

*Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923) ...............................5

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985) ......5

*Garner v. Garner,* 200 S.W.3d 303, 310-11 (Tex.App.—Dallas 2006, no pet.) 5, 12

*Granger v. Granger,* 236 S.W.3d 852, 855-56 (Tex.App.—Tyler 2007, pet. Denied) ....................................................................................5

*Licata v. Licata,* 11 S.W.3d 269, 272-73 (Tex.App.—Houston [14th Dis.] 1999, pet. denied) ............................................................................6

*Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996).........................8, 9

*Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990) (per curiam)..............8

*RWL Const., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex.App. —Houston [1 Dist.] 1994)..........................................................................9

*Texas Dept. of Health v. Rocha,* 102 S.W.3d 348 (Tex.App.—Corpus Christi-Edinburg 2003)..................................................................9

*Mitchison v. Houston Independent School Dist.,* 803 S.W.2d 769, 65 (Tex.App. —Houston [14 Dist.] 1991)...............................................10

## *Statutes and Rules*

Tex. Fam. Code Ann. § 7.001 .........................................................6

Tex. Fam. Code Ann. § 3.001 .........................................................6

Tex. Fam. Code Ann. § 3.003 .........................................................6

## ABBREVIATIONS

In this brief, the Reporter's Record will be abbreviated "R.R." and cited as follows: (R.R. vol. xx at pg. xx, lines xx-xx.) In this brief, the Clerk's Record will be abbreviated "C.R." and cited as follows with the pg. numbers: (C.R. xx.)

## STATEMENT OF THE RECORD

The clerk's record in this case consists of one (1) volume. The reporter's record consists of six (6) volumes of transcripts and exhibits.

## STATEMENT OF THE CASE

TO THE HONORABLE SIXTH COURT OF APPEALS:

NOW COMES EMMA RUTH VINSON, the Appellee, and respectfully submits this, her brief in response to Appellant's brief. Appellee seeks herein for this Court to overrule Appellant's issue and affirm the judgment of the trial court or, in the alternative, if this Court in any way sustains Appellant's issue, Appellee requests that this Court remand the case to the trial court for a just and right division.

This appeal is taken from the County Court at Law in and for Rusk County, Texas, the Honorable Robin Sage, Judge presiding by assignment, cause number 2011-12-590CCL, where said Court made a just and right division, which included the division of a retirement account after a finding that the account was commingled. (C.R. 26-36, 56; R.R. vol. 4, at pg. 78, lines 10-14.) This is an appeal

from a Final Decree of Divorce signed on October 14, 2015. (C.R. 36.) The Final Decree of Divorce confirmed $243,000.00 of the Texas Bank 401k Plan as the separate property of Appellant. (C.R. 33.) The Final Decree of Divorce divided the remainder of the Texas Bank 401k Plan as follows: fifty percent (50%) to Appellant and fifty percent (50%) to Appellee. (C.R. 28, 29.) The appellant, Andrew Ben Vinson (hereinafter "Mr. Vinson"), was the Respondent in the Trial Court, and the appellee, Emma Ruth Vinson (hereinafter "Ms Vinson), was the Petitioner in the Trial Court. (C.R. 26.)

On April 21, 2014, trial commenced, the Trial Court recessed for a ruling on characterization of property, and concluded on August 13, 2014, the trial court held a bench trial in this matter. (C.R. 56.) The Trial Court signed the Final Decree of Divorce on October 14, 2015. (C.R. 36.) On October 30, 2014, Mr. Vinson filed a Request for Findings of Fact and Conclusions of Law. (C.R. 37.) On November 13, 2014, Mr. Vinson filed a Motion for New Trial. (C.R. 39.) On November 21, 2014, Mr. Vinson filed a Notice of Past Due Findings of Fact and Conclusions of Law. (C.R. 43.) On December 9, 2014, the Court filed its Findings of Fact and Conclusions of Law. (C.R. 45.) On December 12, 2014, Notice of Appeal was filed by Mr. Vinson. (C.R. 49.)

2

## RESPONSE TO ISSUE PRESENTED

The trial court did not abuse its discretion in dividing the Texas Bank 401k Plan between the parties, nor did it abuse its discretion by not confirming certain other portions of the account as Appellant's separate property.

## STATEMENT OF FACTS

As previously stated, this is an appeal from a Final Decree of Divorce signed on October 14, 2015. (C.R. 36.) The Final Decree of Divorce confirmed $243,000.00 of the Texas Bank 401k Plan as the separate property of Appellant. (C.R. 33.) The Final Decree of Divorce divided the remainder of the Texas Bank 401k Plan as follows: fifty percent (50%) to Appellant and fifty percent (50%) to Appellee. (C.R. 28, 29.)

## SUMMARY OF ARGUMENT

The confirmation of only $234,000.00 and not more of the Texas Bank 401k Plan as Mr. Vinson's separate property was appropriate and was not an abuse of discretion because the Trial Court was not presented with clear and convincing evidence that any more than $234,000.00 of the Texas Bank 401k Plan was Mr. Vinson's separate property. Further, there was a stipulation regarding the amount of Mr. Vinson's separate property in the Texas Bank 401k Plan. The Trial Court's

3

division of the remainder of the Texas Bank 401k Plan was appropriate and was not an abuse of discretion because the funds in the Texas Bank 401k Plan were commingled.

Further, both the Reporter's Record and the Clerk's Record in this matter are incomplete. This Court does not have in either Record a copy of the Agreement in Contemplation of Marriage upon which Mr. Vinson bases a large part of his argument. Given that this document is not a part of either Record presented to this Court, this Court should rely on the information and documents contained in the Records that are before the Court, which support the Trial Court's ruling.

Finally, both the Trial Court and the litigants affirmed that the Trial Court commenced trial in this matter on April 21, 2014, and recessed for, and did make, a ruling regarding the characterization of the Texas Bank 401k Plan. The evidence taken at this hearing and the Trial Court's ruling that followed support the Trial Court's finding that the funds in the Texas Bank 401k Plan were commingled and subject to division.

The Agreement in Contemplation of Marriage supports the Trial Court's ruling that the funds in the Texas Bank 401k Plan were commingled in that Mr. Vinson willingly put separate property money into a community account, where it was joined by community property funds and invested together. Further, there was

4

a withdrawal made from the Texas Bank 401k Plan that was not distinguished as being from either part – separate or community – of the Texas Bank 401k Plan.

## ARGUMENT AND AUTHORITIES

### Standard of Review – Court of Appeals

The Trial Court's division of property in a divorce should be corrected on appeal only when an abuse of discretion has been shown. *Murff v. Murff*, 615, S.W.2d 696 (Tex. 1981); *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923). A Trial Court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial Judge decides a matter within his discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that abuse of discretion occurred." *Id.* A Trial Court is permitted to base its decisions on conflicting evidence without it being termed an abuse of discretion. *Garner v. Garner*, 200 S.W.3d 303, 310-11 (Tex.App.—Dallas 2006, no pet.). There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial Court's decision. *Granger v. Granger*, 236 S.W.3d 852, 855-56 (Tex.App.—Tyler 2007, pet. Denied).

### Standard of Review –Property Division

The guiding principle in property division in a divorce is basic: the Court

shall divide property in a just and right manner, having due regard for the rights of each party and any children of the marriage. Tex. Fam. Code Ann. § 7.001.

Regarding separate property, the Texas Family Code sets out that all property owned by a spouse prior to marriage, and all property acquired during marriage by gift, devise, or descent is the separate property of that spouse. Tex. Fam. Code Ann. § 3.001. Despite the Texas Fmaily Code's designation of separate property, the Code states that there is a presumption upon divorce that all property owned by the parties is presumed to be community property. Tex. Fam. Code Ann. § 3.003. Further, as indicated by Appellant in his brief, it is the burden of the party claiming separate property to overcome the community property presumption by clear and convincing evidence. *Licata v. Licata*, 11 S.W.3d 269, 272-73 (Tex.App.—Houston [14th Dis.] 1999, pet. denied).

**Response to Issue Presented:**
**(Restated)**

> **The trial court did not abuse its discretion in dividing the Texas Bank 401k Plan between the parties, nor did it abuse its discretion by not confirming certain other portions of the account as Appellant's separate property.**

**A.      The Trial Court did not abuse it's discretion by confirming only $234,000.00 of the Texas Bank 401k Plan as Mr. Vinson's separate property.**

The trial court's ruling regarding the separate property portion of the Texas Bank 401k Plan was that only $234,000.00 of the total in the account was Mr.

6

Vinson's separate property. (R.R. vol. 4, at pg. 78, lines 10-14.) That ruling was accurately reflected in the Final Decree of Divorce. (C.R. 33.)

The way in which the Trial Court reached the number of $234,000.00 for Mr. Vinson's separate property was, first, purportedly by stipulation of the parties. During the second day of the final trial in this matter, August 13, 2014, the Trial Court stated, "It's my recollection that you all stipulated that the value that was in contention at the last hearing as to whether it was community or separate property was $234,000," to which counsel for Mr. Vinson replied, "That's correct. ..." (R.R. vol. 4 at pg. 63, lines 8-11.) Second, the Trial Court received the number of $234,000.00 from Ms Vinson during her testimony on that same date, wherein she confirmed that exact number to be the amount Mr. Vinson "started with" in the Texas Bank 401k Plan. (R.R. vol. 4 at pg. 19, lines 4, 9.) Third, and finally, in its ruling, the Trial Court acknowledged that it, "...previously found the $234,000 was his separate property." (R.R. vol. 4 at pg. 78, lines 10-11.)

At this point, it becomes important to note that the Reporter's Record in this case is not complete, as indicated in Appellant's brief. It is clear from both the Trial Court's docket sheet and from Appellant's Brief that the final hearing in this matter began on April 21, 2014, and was finished several months later on August 13, 2014. (C.R. 56.) Although the extent of what is missing from the Reporter's Record is not clear, there is not a transcript, nor are there any exhibits or any other

7

item, in the Reporter's Record regarding the hearing on April 21, 2014. *See Reporter's Record.* When an appellant presents an incomplete Reporter's Record on appeal, "the appellate court must presume that the omitted portions are relevant and support the trial court's judgment." *Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990) (per curiam).

In the record of the hearing held on August 13, 2014, there are both stipulations referenced and a finding of separate property referenced that purportedly occurred at the portion of the trial held on April 21, 2014. (R.R. vol. 4 at pg. 63, lines 8-11; R.R. vol. 4 at pg. 78, lines 10-11.) Further, there is a statement by counsel for Ms Vinson that, "[Mr. Vinson] consented and waived any claim with regard to growth on that separate amount in our last hearing." (R.R. vol. 4 at pg. 62, lines 22-24.) This Court should assume that the omitted portions of the Reporter's Record, specifically the transcript of the portion of the final trial held on April 21, 2014, are relevant and that they support the Trial Court's ruling, specifically the ruling that the portion of the Texas Bank 401k Plan that was Mr. Vinson's separate property was only $234,000.00.

The Trial Court appropriately confirmed that the portion of the Texas Bank 401k Plan that was Mr. Vinson's separate property was only $234,000.00 and in doing so did not abuse it's discretion.

8

**B.    The Trial Court did not abuse it's discretion by dividing the remaining portion of the Texas Bank 401k Plan.**

The Trial Court ordered that any amount of the Texas Bank 401k Plan above the $234,000.00 set aside as Mr. Vinson's separate property to be divided equally between the parties. (R.R. vol. 4 at pg. 78, lines 10-11.)

As previously noted, the Reporter's Record in this matter is not complete, which enables this Court to "presume that the omitted portions are relevant and support the trial court's judgment." *Feldman v. Marks* at 614. Appellant spent significant time in his brief arguing that the Agreement in Contemplation of Marriage was not appropriately adhered to by the Trial Court and even cited portions of the Agreement in Contemplation of Marriage. This document, however, does not appear in the Reporter's Record volume containing the other exhibits from trial, nor does it appear in any other place.

Further, although Appellant claims the Agreement in Contemplation of Marriage was attached to the First Amended Original Petition for Divorce in this matter, neither that pleading nor the Agreement in Contemplation of Marriage appears in the Clerk's Record in this matter. On appeal, the Court "must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs." *RWL Const., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex.App. —Houston [1 Dist.] 1994); *Texas Dept. of Health v. Rocha*, 102 S.W.3d

9

348 (Tex.App.—Corpus Christi-Edinburg 2003); *Mitchison v. Houston Independent School Dist.*, 803 S.W.2d 769, 65 Ed.LawRep. 1329 (Tex.App. — Houston [14 Dist.] 1991).

It is clear from the record of the August 13, 2014, portion of the final trial that the "prenuptial agreement" was entered into evidence at some point for the Trial Court's consideration in its ruling. (R.R. vol. 4 at pg. 53, lines 9-16.) This Court should assume that the omitted portions of the Reporter's Record and the Clerk's Record, specifically the Agreement in Contemplation of Marriage, are relevant and that they support the Trial Court's ruling, specifically the ruling that the portion of the Texas Bank 401k Plan remaining after deducting the $234,000.00 of Mr. Vinson's separate property was commingled and, therefore, able to be divided between the parties.

If, however, this Court does consider the Agreement in Contemplation of Marriage attached to Appellant's brief, the Agreement in Contemplation of Marriage, itself, still supports the Trial Court's finding that the Texas Bank 401k Plan was "commingled." (R.R. vol. 4 at pg. 78, lines 10-14.) Section 2.04 of the Agreement in Contemplation of Marriage states as follows:

> "In addition, any separate property defined by 2.01 or 2.02 which a
> party has knowingly invested in community property or has allowed
> to be commingled with community property shall be deemed to have
> become community property and all rights of reimbursement are
> hereby waived unless Ben and Ruthie agree in writing otherwise."

10

Mr. Vinson testified that he rolled some portion of separate property funds into a community property account, the Texas Bank 401k Plan, into which additional community deposits were made. (R.R. vol. 4, at pg. R.R. vol. 4 at pg. 62, lines 2-9.)

Further in support of the "commingled" finding, the Texas Bank 401k Plan statement entered into evidence shows on page two of that document under "Your current investment mix" that all funds contained in the Texas Bank 401k Plan were divided up into various investments and "funds." (R.R. vol. 6, pg. at pg. 85.) The money in the Texas Bank 401k Plan – both the separate property portion and the community portion – were literally mixed together in investments.

Finally, in support of the Trial Court's "commingled" finding, the testimony from Mr. Vinson was that he withdrew money from the Texas Bank 401k Plan to repay a loan. (R.R. vol. 4 at pg. 75, lines 4-6.) The amount withdrawn by Mr. Vinson from the Texas Bank 401k Plan was $50,000.00. (R.R. vol. 6, pg. at pg. 86.) There is no evidence that this amount was particularly drawn from one portion of the Texas Bank 401k Plan or another, meaning it could have come from Mr. Vinson's separate property amount in that account or the community property in that account. The Texas Bank 401k Plan was commingled at that point and there is no way to distinguish the source funds for this withdrawal; it decreased the total, not any portion in particular.

11

A Trial Court is permitted to base its decisions on conflicting evidence without it being termed an abuse of discretion. *Garner* at 310-311. The money in the Texas Bank 401k Plan was "commingled" for the Trial Court's purpose, which supports the Trial Court's division of that account.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellee asks Court to overrule Appellant's issue and affirm the judgment of the trial court or, in the alternative, if this Court in any way sustains Appellant's issue, Appellee requests that this Court remand the case to the trial court for a just and right division. Additionally, the Appellee prays for all other relief required by justice.

Respectfully submitted this 8th day of June, 2015.

SINCLAIR LAW OFFICE

By: _____

**Beau T, Sinclair**
SBN: 24029835
400 S. Broadway Ave., Suite 102
Tyler, Texas 75702
(903) 533-1005
(903) 533-1379 (Fax)
*E-mail: beau@sinclairlawtyler.com*

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,208 words (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix). This is a computer-generated document created in Microsoft Word using 14-pint type for all text, except for footnotes (page numbers), which are in 12-point type. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Date: ___6/8/2015___

_____
Beau T. Sinclair

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading has been provided in accordance with the Texas Rules of Appellate Procedure, on ___6/8/2015___, to the following individuals:

Mr. Joe Shumate
Mr. James J. Rosenthal
107 N. Main St.
PO Box 1915
Henderson, Texas 75653

_____
Beau T. Sinclair

# APPENDIX

This appendix contains the following Items:

1. The text of any rule, regulation, statute, constitutional provision or other law upon which the argument is based.

## Tex. Fam. Code Ann. § 7.001

GENERAL RULE OF PROPERTY DIVISION. In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

# Tex. Fam. Code Ann. § 3.001

SEPARATE PROPERTY. A spouse's separate property consists of:

(1) the property owned or claimed by the spouse before marriage;

(2) the property acquired by the spouse during marriage by gift, devise, or descent; and

(3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

# Tex. Fam. Code Ann. § 3.003

PRESUMPTION OF COMMUNITY PROPERTY.

(a)  Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.

(b)  The degree of proof necessary to establish that property is separate property is clear and convincing evidence.