Timothy Paul MARTIN, Appellant,

v.

The **TEXAS BOARD OF CRIMINAL JUSTICE, the Texas Board of Pardons and Paroles, and the Texas Department of Criminal Justice, Institutional Division, Appellees.**

No. 13–00–502–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 16, 2001.

Timothy Paul Martin, pro se.

Carlos D. Lopez, Office of Attorney General, Austin, for appellees.

Before Justices DORSEY, HINOJOSA, and CASTILLO.

## OPINION

CASTILLO, Justice.

Appellant Timothy Paul Martin is an inmate proceeding *pro se* to challenge the trial court's dismissal of his plea for declarative and injunctive relief against the Texas Board of Criminal Justice, the Texas Board of Pardons and Paroles, and the Texas Department of Criminal Justice Institutional Division. The State has not filed a response. Martin's claims were dismissed with prejudice for lack of· subject matter jurisdiction, without a hearing. Martin contests the dismissal on the grounds that the trial court abused its discretion by granting the motion to dismiss when jurisdiction properly existed and he was entitled to equitable relief. We affirm the judgment to dismiss all claims with prejudice.

### *Factual Summary*

Martin is concurrently serving one 20 year sentence for credit card abuse, one 17 year sentence for credit card abuse, one 20 year sentence for burglary of a vehicle, and one life sentence for theft, enhanced by his previous felony convictions. While serving these sentences in 1993, Martin was involved in a fight with prison guards. Martin pled guilty to aggravated assault on a peace officer, and was sentenced to an additional 12 years, to run concurrently with his other four sentences. Martin has lost his good time credit due to various disciplinary actions. He requests that we restore his good time credit because he received a letter from the Texas Board of Pardons and Paroles saying he would have been initially eligible for parole consideration in May 1998, and believes that he will be paroled if the credit is restored.[1]

### *Issue Summary*

In his sole point of error, Martin claims that the trial court abused its discretion in dismissing his claims for lack of subject matter jurisdiction when said jurisdiction existed and he was entitled to equitable relief. In his brief, Martin has resubmitted his petitions filed with the trial court, and does not specify any new or different forms of relief requested. Because we evaluate *pro se* pleadings liberally in order to determine the merits of the complaint, we review the same claims and grounds for jurisdiction as below. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Johnson v. McAdams,* 781 S.W.2d 451, 452 (Tex.App.—Houston [1st Dist.] 1989, no writ). Martin brings suit pursuant to the Texas Uniform Declaratory Judgment Act (codified at Texas Civil Practice and Remedies Code Chapter 37), seeking a declaratory judgment that the law allowing prison officials to take away his good time credits is unconstitutional and that he has a liberty interest under Texas parole statutes. Tex. Civ. Prac. & Rem. Code Ann. § 37.001–37.011 (Vernon 1997).

Martin also invokes the trial court's jurisdiction to issue writs of injunction under Texas Government Code § 24.011. Tex. Gov't Code Ann. § 24.011 (Vernon 1988). Martin asks that the court order the defendants to cease the alleged poor treatment they are subjecting the appellant to, to replace the food slot on his door, and to release the plaintiff from administrative segregation into the general population. Martin also requests an injunction that

---

1. Martin's theory is contingent on this Court additionally vacating his conviction and life sentence for theft, which he claims was entered "without validity." See footnote 2, *infra.*

would restore his forfeited good conduct time and vacate a prior conviction.

### Analysis

Trial courts have broad discretion in dismissing *in forma pauperis* suits they find to be frivolous. *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex.App.—Houston [14th Dist.] 1996, writ denied); *Thomas v. Texas Dept. of Criminal Justice, Inst. Div.*, 848 S.W.2d 797, 798 (Tex. App.—Houston [14th Dist.] 1993, writ denied). An abuse of discretion occurs if the trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Thomas*, 848 S.W.2d at 798. Under the controlling standards, trial courts may dismiss inmate lawsuits when those suits have no basis in law or fact. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (Vernon Supp.1998); *Thompson v. Texas Dep't of Criminal Justice–Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (quoting *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990)). When the trial court dismisses a claim without conducting a fact hearing, however, the issue on appeal is whether the claim had no arguable basis in law. *Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex.App.—Houston [1st Dist.] 1993, no writ). Therefore, because there was no fact hearing conducted in this case, we consider whether the trial court properly concluded there was no arguable basis in law for appellant's claim.

In his original petition, Martin asserts that Texas Civil Practice & Remedies Code Chapter 37 (the "Declaratory Judgments Act") confers jurisdiction upon the trial court to issue a declaratory judgment of the unconstitutionality of the law removing his good time credits and his liberty interest in parole. However, the Supreme Court of Texas has held that the Declaratory Judgment Act is "not a grant of jurisdiction, but a procedural device for deciding cases already within a court's jurisdiction." *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex.1996) (citing *State v. Morales*, 869 S.W.2d 941, 947 (Tex.1994)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001–37.011 (Vernon 1997).

In his two supplemental petitions, Martin asserts that Texas Government Code § 24.011 confers jurisdiction upon the trial court to issue injunctive relief for his additional claims under their "writ power". TEX. GOV'T CODE ANN. § 24.011 (Vernon 1988). A district court may grant writs of mandamus necessary to the enforcement of the court's jurisdiction. TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.011 (Vernon 1988). In order for his claims to be heard, Martin must establish jurisdiction in the court independent of his two cited statutes.

All of Martin's claims are barred by the doctrine of sovereign immunity. Martin is attempting to bring suit for declaratory and injunctive relief against agencies of the State of Texas. The doctrine of sovereign immunity insulates agency action from judicial review unless a statute provides for such review, the action violates constitutional procedural due process, or the constitution waives the state's immunity from suit. *Southwest Airlines v. Texas High–Speed Rail Auth.*, 867 S.W.2d 154, 157 (Tex.App.—Austin 1993, writ denied). A suit against an agency of the State is considered to be a suit against the State. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976). Therefore, as a state agency, TDCJ is entitled to the same sovereign immunity enjoyed by the State of Texas. *See Thomas v. Brown*, 927 S.W.2d 122, 127–28 (Tex App.—Houston [14th Dist.] 1996, writ denied) (suit against TDCJ employee barred by sovereign immunity).

■ "A district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials." *Martinez*, 931 S.W.2d at 46. Thus, the trial court could not order TDCJ officials to cease their alleged poor treatment, replace Martin's food door or alter their segregation decisions. Thus, the trial court did not abuse its discretion by not ordering the prison officials to alter their treatment of appellant.

■ There is no constitutional waiver of suit by any of the agencies involved. Therefore, Martin must assert some constitutional violation in order for any of his other claims to overcome the State's assertion of sovereign immunity. Sovereign immunity does not preclude a claim alleging that the State deprived the plaintiff of property without due process of law. *Brazosport Sav. & Loan Ass'n v. American Sav. & Loan Ass'n*, 161 Tex. 543, 342 S.W.2d 747, 750–52 (1961). The Texas Supreme Court has held that aggrieved persons can assert direct claims for equitable relief against governmental entities for violations of the provisions of the Texas Bill of Rights. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144 (Tex.1995). Under this exception, Martin seeks to have this Court declare that he has a liberty interest in obtaining parole and a property interest in the return of his forfeited good time credits. Both of these issues have previously been decided in the negative. Texas law does not create a liberty interest in parole that is protected by due process. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Moreover, Martin cannot attack the constitutionality of procedural devices attendant to parole decisions because he has no liberty interest in obtaining parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). In *Ex parte Montgomery*, 894 S.W.2d 324 (Tex.Crim.App.1995), the Court of Criminal Appeals held that an inmate who lost his good time credits as a result of disciplinary actions did not have a vested property interest in restoration of those credits pursuant to due process. *Id.* at 328–29.

■ In his second supplemental petition, Martin argues that he should not be subject to the new rules which allow the revocation of good time credit, as that would be an *ex post facto* application of the law. The Court of Criminal Appeals has already ruled on this issue against that position. *Ex Parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App.1994). Martin's claims against the State agencies revolve around his claimed property interest in good time credits and his liberty interest in parole. Because they do not fall within any exception to the doctrine of sovereign immunity, Martin's claims were properly dismissed for lack of subject matter jurisdiction.[2]

---

2. We construe Martin's brief to contain an argument of the validity of a prior conviction. Martin asks this Court to vacate, rescind, or set aside a previous conviction, and to not consider this conviction when restoring his good time credits. In a collateral attack, a defendant can only succeed by demonstrating that the prior conviction was void. *Ex Parte Brown*, 145 Tex.Crim. 39, 165 S.W.2d 718, 720 (Tex.Crim.App.1942). Thus, Martin must show some jurisdictional defect or denial of a fundamental or constitutional right occurring in that prior cause. *Ex Parte Sadberry*, 864 S.W.2d 541, 542–43 (Tex.Crim.App.1993). He has not made such claims, but has declared that the judgment was "entered without validity" and is contrary to controlling precedent. Martin filed an application for writ of habeas corpus with the convicting court and the Texas Court of Criminal Appeals which was denied by both courts. We see no viable claim made in regard to this prior conviction, and therefore dismiss Martin's request for reversal of his prior conviction and any arguments grounded in the consequences of a reversal.

When a lawsuit is barred by sovereign immunity, dismissal with prejudice is proper. *University of Tex. Med. Branch v. Hohman,* 6 S.W.3d 767, 771 (Tex.App.—Houston [1st Dist.] 1999, pet dism'd); *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied).

### Disposition

Because Martin sought a form of relief that the trial court was powerless to grant, we AFFIRM the dismissal, with prejudice, of Martin's claims for want of subject matter jurisdiction.