Texas Dept. of Health v. Rocha










NUMBER 13-02-00160-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 




TEXAS DEPARTMENT OF HEALTH, LEONEL VELA, KAREN HOLLINGSWORTH,

DERRIC TREVINO, DORA DEL TORO, AND ENEDINA MAGANA, Appellants,



v.





SIMON ROCHA, Appellee.

 



On appeal from the 107th District Court of Cameron County, Texas.

 
O P I N I O N

Before Justices Hinojosa, Castillo, and Chavez (1)

Opinion by Justice Hinojosa






 This is an interlocutory appeal from the trial court's order denying a plea to the jurisdiction based on sovereign
immunity.(2)In a single issue, appellants, Texas Department of Health ("TDH"), Leonel Vela, Karen Hollingsworth, Derric
Trevino, Dora Del Toro, and Enedina Magana, contend the trial court erred in denying their plea to the jurisdiction. We
reverse and render.



A. Background and Procedural History



 On August 29, 1997, appellee, Simon Rocha, filed suit in the District Court of Cameron County against appellants,
individually and in their official capacities as TDH employees. Rocha alleged that: (1) he was wrongfully terminated; (2)
appellants had engaged in civil conspiracy, libel, slander, and intentional infliction of emotional distress; and (3) appellants
had deprived him of his constitutional rights to due process and equal protection.

 On October 7, 1997, appellants filed a plea to the jurisdiction and special exceptions, asserting that sovereign immunity
and qualified immunity barred all claims against TDH and the named TDH employees. The trial court granted the special
exceptions, in part, finding that Rocha had failed to sufficiently plead facts to support his common law and constitutional
claims. The court ordered Rocha to replead in conformity with the special exceptions within thirty days.

 On August 19, 1998, Rocha filed his first amended petition, alleging that Hollingsworth, Trevino, Del Toro, and Magana
had conspired to fabricate incidents of inappropriate behavior to get him fired and that he had been wrongfully terminated
by TDH and Vela. Rocha asserted causes of action for libel, slander, and civil conspiracy against Hollingsworth, Trevino,
Del Toro, and Magana. He also asserted causes of action for intentional infliction of emotional distress against
Hollingsworth, Trevino, and Magana. Based on TDH's alleged failure to "protect [his] constitutional rights of due process
and equal protection by failing to notify [him] of the specific charges against him [and] the names of the individuals who
were making the accusations," Rocha asserted a cause of action for wrongful termination against Vela.

 Appellants filed a motion for summary judgment asserting the affirmative defense of official immunity, which the trial
court denied. On interlocutory appeal, this Court reversed the trial court's order denying appellants' motion for summary
judgment as it related to Vela, Trevino, Del Toro, and Magana, dismissing all claims against them in their individual
capacities. See Vela v. Rocha, 52 S.W.3d 398 (Tex. App.-Corpus Christi 2001, no pet.).

 On February 5, 2002, Hollingsworth again moved for summary judgment based on official immunity. Concurrently, TDH,
Vela, Hollingsworth, Trevino, Del Toro, and Magana, in their official capacities, filed their first amended plea to the
jurisdiction seeking dismissal of all claims asserted by Rocha, based on sovereign immunity. The trial court granted
Hollingsworth's motion for summary judgment, thereby dismissing all claims against her in her individual capacity.
However, the court denied appellants' plea to the jurisdiction in its entirety.

B. Standard of Review



 This appeal is strictly limited to our review of the trial court's ruling on the plea to the jurisdiction. Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a)(8) (Vernon Supp.2003). A plea to the jurisdiction is the vehicle by which a party contests the
trial court's subject matter jurisdiction over the cause of action. State v. Benavides, 772 S.W.2d 271, 273 (Tex.
App.-Corpus Christi 1989, writ denied). Absent the state's consent to suit, a trial court has no subject-matter
jurisdiction.Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex. 1999). A governmental unit may properly
challenge a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. Id.

 On appeal, because the question of subject-matter jurisdiction is a legal question, the appellate court reviews the trial
court's ruling on a plea to the jurisdiction under a denovo standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d
922, 928 (Tex. 1998). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's
jurisdiction to hear a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Mission Consol.
Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex. App.-Corpus Christi 2001, no pet.). The trial court must not weigh
the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question. County
of Cameron v. Brown, 80 S.W.3d 549, 555-56 (Tex. 2002) (citing Texas Natural Res. Conservation Comm'n v. White, 46
S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)). In doing so, the trial court
must construe the plaintiff's pleadings liberally in favor of jurisdiction, Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804
(Tex. 1989), and must take all factual allegations pleaded as true, unless the defendant pleads and proves that the
allegations were fraudulently made to confer jurisdiction. Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449
(Tex. 1996). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and such defect is
incurable, immediate dismissal of the case is proper. Peek, 779 S.W.2d at 804-05; City of Austin v. L.S. Ranch, 970
S.W.2d 750, 753 (Tex. App.-Austin 1998, no pet.). However, the mere failure of a petition to state a cause of action does
not show a want of jurisdiction in the court. Bybee v. Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910, 917 (1960).
If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show incurable
defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. Brown, 80
S.W.3d at 555; Peek, 779 S.W.2d at 804-05. 

C. Sovereign Immunity



 Sovereign immunity, unless waived, protects the State of Texas from lawsuits for damages absent legislative consent. Gen.
Servs. Comm'n. v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). Sovereign immunity derives from the
principle that the sovereign may not be sued in its courts without its consent. Tex. Workers' Comp. Comm'n v. Garcia, 862
S.W.2d 61, 72 (Tex. App.-San Antonio 1993), rev'd on other grounds, 893 S.W.2d 504 (Tex. 1995). Sovereign immunity
encompasses two principles: immunity from suit and immunity from liability. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401,
405 (Tex. 1997). Immunity from liability protects the state from judgments, even where there is an express consent on the
part of the Legislature to permit a suit. Id. Immunity from liability is an affirmative defense that is waived if not
pleaded.Jones, 8 S.W.3d at 638 (citing Davis v. City of San Antonio, 752 S.W.2d 518, 519-20 (Tex. 1988)). Immunity
from suit, on the other hand, bars a suit against the state unless the state expressly gives consent to the suit. Fed. Sign, 951
S.W.2d at 405. Immunity from suit, then, deprives a trial court of subject-matter jurisdiction over the governmental
agency, even if liability is undisputed. Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002).

 The doctrine of sovereign immunity insulates agency action from judicial review unless a statute provides for such review,
the action violates constitutional due process, or the constitution waives the state's immunity from suit. Martin v. Texas Bd.
of Criminal Justice, 60 S.W.3d 226, 229 (Tex. App.-Corpus Christi 2001, no pet.); Southwest Airlines v. Tex. High-Speed
Rail Auth., 867 S.W.2d 154, 157 (Tex. App.-Austin 1993, writ denied). A suit against an agency of the state is considered
to be a suit against the state. Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976); Martin, 60 S.W.3d at 229.
Therefore, as a state agency, TDH is entitled to the same sovereign immunity enjoyed by the State of Texas. Likewise, as
public officials sued in their official capacities, Vela, Hollingsworth, Trevino, Del Toro, and Magana are protected by the
same sovereign immunity enjoyed by the state agency they represent. Morris v. Copeland, 944 S.W.2d 696, 698-99 (Tex.
App.-Corpus Christi 1997, no pet.).

1. Common-Law Tort Claims



 Appellants contend that the Texas Legislature has not waived TDH's sovereign immunity to the common-law tort claims of
civil conspiracy, libel, slander, negligence, and intentional infliction of emotional distress. Rocha has not provided any
authority or argument to this Court that sovereign immunity has been waived. 

 For the trial court to have jurisdiction, the plaintiff who sues the state under state law must establish a waiver of sovereign
immunity by: (1) alleging legislative consent to such suit in his petition, either by reference to a statute or express
legislative permission, and (2) pleading facts that fall within the scope of the legislative consent. Tex. Dep't of Criminal
Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); Jones, 8 S.W.3d at 638. In determining whether it has jurisdiction, the
trial court must not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the
jurisdictional question. Brown, 80 S.W.3d at 555-56; Bland, 34 S.W.3d at 554. 

 Because Rocha failed to establish such a waiver, the trial court should have dismissed all of Rocha's tort claims against
TDH and its employees. Accordingly, we hold the trial court erred in denying appellants' plea to the jurisdiction as it
relates to Rocha's claims of civil conspiracy, libel, slander, negligence, and intentional infliction of emotional distress.

2. Constitutional Claims



a. Due Process



 Sovereign immunity does not preclude a claim that the state deprived the plaintiff of property without due process of
law.Brazosport Sav. & Loan Ass'n v. Am. Sav. & Loan Ass'n, 161 Tex. 543, 342 S.W.2d 747, 750-52 (1961); Martin, 60
S.W.3d at 230. Appellants contend that Rocha's first amended petition fails to allege any facts to support a claim that his
constitutional right of due process was violated.

 Unless an employee has a property interest in continued employment, absent an infringement on his liberty, he is not
entitled to procedural or substantive due process when his state employment is terminated. Cleveland Bd. of Educ. v.
Loudermill, 470 U.S. 532, 542 (1985); Renken v. Harris County, 808 S.W.2d 222, 226 (Tex. App.-Houston [14th Dist.]
1991, no writ). Thus, the dispositive question becomes whether Rocha sufficiently pleaded a property or liberty interest in
his employment with TDH to invoke the "due course of law" clause of the Texas Constitution. (3)

 At-will employment is an important and longstanding doctrine in Texas. See Fed. Express Corp. v. Dutschmann, 846
S.W.2d 282, 283 (Tex. 1993). Under the employment-at-will doctrine, absent a specific agreement to the contrary, the
relationship between an employer and employee is "at-will," meaning that either party may terminate the employment
relationship for any reason or no reason at all. Tex. Farm Bureau Mut. Ins. Cos. v. Sears, 84 S.W.3d 604, 608 (Tex. 2002). 

 Rocha's petition is devoid of any facts asserting that he had any type of agreement with TDH that created a property
interest in his employment. In an effort to establish a property interest, Rocha attached documents to his appellate brief that
appear to be portions of a TDH employee manual. These documents set forth the procedures for the dismissal of
unsatisfactory employees, as well as possible reasons for dismissal. However, this Court must hear and determine a case on
the record as filed, and may not consider documents attached as exhibits to briefs. RWL Constr., Inc. v. Erickson, 877
S.W.2d 449, 451 (Tex. App.-Houston [1st Dist.] 1994, no writ); Mitchison v. Houston Indep. Sch. Dist., 803 S.W.2d 769,
771 (Tex. App.-Houston [14th Dist.] 1991, writ denied); see Tex. R. App. P. 34.5 (designation of filings in clerk's record). 

 Because Rocha's first amended petition does not allege a property interest requiring due-process considerations, we hold
that the trial court erred in denying appellants' plea to the jurisdiction as it relates to Rocha's claimed violation of
procedural and substantive due process.

b. Equal Protection



 Appellants contend that Rocha also has failed to plead an actionable equal protection claim under the Texas Constitution.
Article I, Section 3a of the Texas Constitution provides, in part, "Equality under the law shall not be denied or abridged
because of sex, race, color, creed, or national origin." Tex. Const. art. I, § 3a. 

 Rocha's first amended petition does not allege any specific facts showing he was denied any rights, or treated differently,
because of his sex, race, color, creed, or national origin. Rocha simply alleges that other TDH employees who were
accused of sexual harassment were not terminated, and that such conduct violates his rights to equal protection. These
facts, even if taken as true, do not allege an equal protection claim sufficient to overcome the sovereign immunity of
appellants. Therefore, we hold that the trial court erred in denying appellants' plea to the jurisdiction as it relates to Rocha's
equal protection claim.

 Accordingly, we sustain appellants' sole issue.

 We reverse the trial court's order denying appellants' plea to the jurisdiction. We render judgment granting appellants'
plea to the jurisdiction and dismissing all of Rocha's claims against appellants for lack of subject matter jurisdiction.





FEDERICO G. HINOJOSA

Justice



Opinion delivered and filed this the

27th day of March, 2003.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. This Court has jurisdiction to hear an interlocutory appeal of an order denying a plea to the jurisdiction by a
governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2003).

3. We limit our analysis to the Texas Constitution because in paragraph eight of his first amended petition, Rocha asserted,
"Plaintiff forgoes any federal constitutional claims and limits all of his claims to those permitted him under Texas Law and
the Texas Constitution."