Affirmed and Memorandum Opinion filed April 3, 2003














Affirmed and
Memorandum Opinion filed April 3, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01007-CV

_______________

 

IVO NABELEK,
Appellant

 

V.

 

GERALD GARRETT, ET AL., Appellees

__________________________________________________

 

On Appeal from
the 61st District Court

Harris County, Texas

Trial Court
Cause No. 01-37615

__________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Ivo Nabelek appeals from the dismissal of his in forma pauperis,
pro se inmate suit against appellees Gerald Garrett
and the Texas Board of Pardons.  In five
issues, appellant asserts the trial court erred in dismissing his suit and
ordering him to pay costs.  We affirm.

Facts

            Appellant, an inmate of the Texas
Department of Criminal Justice (TDCJ), filed an in forma pauperis, pro se suit against
the Texas Board of Pardons and Gerald Garrett, apparently an employee of the
Board of Pardons.  Appellant, who was
convicted of aggravated sexual assault of a child, sought declaratory relief
that appellees incorrectly found him ineligible for
parole.  The trial court dismissed
appellant’s claim as frivolous for failing to follow procedures prescribed
under Chapter 14 of the Texas Civil Practice and Remedies Code.

Motion to dismiss

            Appellant argues the trial court
erred in dismissing his claim as frivolous. 
State law permits dismissal of any frivolous or malicious claim brought
by an inmate who has filed “an affidavit or unsworn
declaration of inability to pay.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon Supp. 2002).  In determining if claims are frivolous or
malicious, the trial court considers whether (1) the realistic chance of
ultimate success on the claim is slight; (2) the claim has no arguable basis in
law or in fact; (3) the party clearly cannot prove facts to support the claim;
or (4) the claim is substantially similar to a previous claim filed by the
inmate arising from the same operative facts. 
See id. § 14.003(b).  We review a trial court’s dismissal of an
inmate’s claims under Chapter 14 for an abuse of discretion.  Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).  To establish abuse of discretion, appellant
must show that the trial court’s action was arbitrary or unreasonable in light
of all the circumstances.  Thomas v. Knight, 52 S.W.3d 292, 294
(Tex. App.—Corpus Christi 2001, pet. denied). 
Here, the trial court dismissed the claim without a hearing; thus, the
only issue before us is whether the trial court properly determined that there
was no arguable basis in law for the suit. 
See Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston
[1st Dist.] 1998, no pet.).

            Appellant contends that appellees have discretion to consider him for parole, even
though he was convicted of aggravated sexual assault of a child.  Because appellant was convicted of aggravated
sexual assault of a child, by law, he is ineligible for parole.  See Tex. Gov’t Code Ann. § 508.149(a)(8)
(Vernon Supp.
2002); Tex. Pen.
Code Ann. § 22.021 (Vernon
2002); Cagle v. State, 23 S.W.3d 590,
593 (Tex. App.—Fort Worth 2000, pet. ref’d).  Appellant further contends that this
statutory ineligibility for parole violates his due process rights.  However, state prisoners cannot challenge
parole procedures under the Due Process Clause. 
Johnson v.
Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997); Allison v. Kyle, 66 F. 3d 71, 74 (5th Cir. 1995); Martin v. Tex. Bd. of Criminal Justice,
60 S.W.3d 226, 230 (Tex. App.—Corpus Christi 2001, no writ).  Thus, we hold the trial court did not err in
dismissing appellant’s claim as having no arguable basis in law and as
frivolous.  Because our holding on this
issue is dispositive of the appeal, we need not
address appellant’s remaining issues. 
Accordingly, we affirm the decision of the trial court. 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed April 3, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.