NUMBER 13-09-00521-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 

 



KIRK WAYNE McBRIDE, SR.,                                             
          Appellant,

 

v.

 

DIRECTOR’S REVIEW COMMITTEE AND

MAIL SYSTEMS COORDINATOR’S PANEL,                            
    Appellees.

 

 



On appeal from the 156th District Court

of Bee County, Texas

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices
Rodriguez and Wittig[1]

Memorandum Opinion by Justice Wittig

 

            

Appellant, Kirk Wayne McBride, Sr.,
pro se, challenges the trial court’s dismissal with prejudice of his claims
against two committees of the Texas Department of Criminal Justice.  In his
appeal, he claims that appellees, Director’s Review Committee and Mail Systems
Coordinator’s Panel, (“committees”) did not file a verified pleading challenging
their capacity to be sued; that there was no evidence appellees lacked
capacity; that McBride should have been allowed to cure any pleading defects;
that sovereign immunity did not pertain; and finally, that the trial court
erred by failing to clarify its order of dismissal.  We affirm.

                                                            I.  Background

            Appellant previously was afforded a jury trial
on essentially the same claims he now makes against appellees.  Before the
trial court severed the present case, appellant had also sued Texas Department
of Criminal Justice (“TDCJ”) for violation of the Deceptive Trade Practices Act
(“DTPA”); Thomas J. Prasifka, Denise Menchaca, and William Stephens for (1) the
common law tort of conversion, (2) deprivation of personal property under the
Fourteenth Amendment, and (3) assumpsit; and K. M. Weseman for denial of
adequate medical treatment under the Eighth Amendment.  The trial court
dismissed McBride's claims against the TDCJ and entered an instructed verdict
in favor of Weseman. The jury ruled in favor of appellees, Prasifka, Menchaca,
and Stephens.   We affirmed the trial court’s judgment in Kirk Wayne
McBride, Sr. v. Texas Department of Criminal Justice, et al., Nos.
13-05-00391-CV & 13-05-00392-CV, 2008 Tex. App. LEXIS 1471, at *2 (Tex.
App.–Corpus Christi Feb. 28, 2008, pet. denied), (mem. op.).

            Appellant also separately appealed a default
judgment he obtained against appellees.  On a restricted cross-appeal,
appellees claimed service of process upon them was defective and that they
could not be sued as separate legal entities.  Because that record did not
demonstrate strict compliance with the rules governing service of process, we
reversed the judgment and remanded for further proceedings to include the
capacity issue.  Kirk Wayne McBride, Sr. v. Mail System Coordinator’s Panel
and Director’s Review Committee, No. 13-05-560, 2008 LEXIS 3906 (Tex.
App.–Corpus Christi, May 22, 2008, pet. denied) (mem. op.).

            While incarcerated at the McConnell Unit of the
TDCJ, McBride purchased a word processor from a vendor outside the prison.  The
mail room provided McBride with a returned package form explaining that a
package had not been approved and had been returned to the sender.  Later, McBride
was notified on a TDCJ correspondence (contraband) denial form that his package
was denied because, among other things, it was not “approved per offender
property policy/warden.”  McBride maintained that he had an implied agreement
with Shannon O’Reilly, representative of T. Prasifka, to purchase a second word
processor from Will Repair Service in March 2004.  We surmise that McBride
believes he had some type of implied settlement agreement through O’Reilly that
would have allowed his purchase of the word processor.  However, as we noted
above, McBride’s claims against Prasifka were denied in an earlier jury trial
and that judgment was affirmed on appeal.

 

                                                            II.
Standard of Review

              We review the trial court's dismissal of an
inmate's claims under chapter 14 for an abuse of discretion.  Retzlaff v.
Tex. Dep't of Crim. Justice, 94 S.W.3d 650, 654 (Tex. App.–Houston [14th
Dist.] 2002, pet. denied); Hickson v. Moya, 926 S.W.2d 397, 398-99 (Tex.
App.–Waco 1996, no writ).  In reviewing a trial court’s decision under an abuse
of discretion standard, we must determine whether the trial court acted without
reference to any guiding rules or principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The exercise of
discretion is within the sole province of the trial court, and an appellate
court may not substitute its discretion for that of the trial judge.  Johnson
v. Fourth Court of Appeals., 700 S.W.2d 916, 918 (Tex. 1985).  The judgment
of the trial court will be affirmed if that judgment can be upheld on any
reasonable theory supported by the evidence.  Ex parte E.E.H., 869
S.W.2d 496, 497-98 (Tex. App.–Houston [1st Dist.] 1993, writ denied); Harris
County Dist. Attorney's Office v. Burns, 825 S.W.2d 198, 200 (Tex.
App.–Houston [14th Dist.] 1992, writ denied).  We consider only the evidence most
favorable to the judgment, and if there is some evidence to support the
judgment, we will affirm.  State v. Knight, 813 S.W.2d 210, 211 (Tex.
App.–Houston [14th Dist.] 1991, no writ).

                                                            III.  Discussion

            In his first issue, McBride argues that appellees,
the two committees, failed to verify by affidavit their lack of capacity,
citing a criminal case and a United States Supreme Court case.  We acknowledge
McBride’s argument as true that under rule 93, a verified denial is required to
raise a defense that a defendant does not have legal capacity to be sued.  See
Tex. R. Civ. P. 93(1). 
McBride contends the committees’ affidavit was not signed or dated.  Our review
of the record indicates that Kimberly Fuchs, Assistant Attorney General, signed
the verified denial.  The pleading is dated by the notice of electronic filing,
July 15, 2009, by certificate of service dated July 15, 2009, and by the
District Clerk’s file mark of July 15, 2009.  The verification by a notary
public indicates Fuchs personally appeared, was known to the notary, was
administered an oath, that the facts stated were within her personal knowledge,
and that Fuchs on her oath stated such facts were true and correct.

            An affidavit is a “statement in writing of a
fact or facts signed by the party making it, sworn to before an officer
authorized to administer oaths, and officially certified to by the officer
under his seal of office.”  Perkins v. Crittenden, 462 S.W.2d 565,
567-68 (Tex. 1970). The jurat of an affidavit is a “certificate by a competent
officer that the writing was sworn to by the person who signed it.”  Hill v.
Floating Decks of Am., 590 S.W.2d 723, 729 (Tex. Civ. App.–San Antonio
1979, no writ).  However, no particular terminology is required to render a
document an affidavit because it is the substance and not the form of an
affidavit that is significant.  Acme Brick, Div. of Justin Indus. v. Temple
Assoc., 816 S.W.2d 440, 441 (Tex. App.–Waco 1991, writ denied); Norcross
v. Conoco, 720 S.W.2d 627, 630 (Tex. App.–San Antonio 1986, no writ).

             We hold that the committees’ affidavit is
substantially compliant with applicable law and was sufficient to raise the
issue of capacity to be sued.  See Acme Brick, 816 S.W.2d at 441.

A. Sovereign Immunity

            Included in appellees’ motion to dismiss was the
defense of sovereign immunity.  Generally, sovereign immunity protects the
state against lawsuits for money damages, unless the state has consented to be
sued.  Tex. Dep't of Crim. Justice v. McBride, 317 S.W.3d 731, 732 (Tex.
2010); see Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653,
655 (Tex. 2008); Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 224 (Tex. 2004).  Governmental immunity operates like sovereign
immunity to afford similar protection to subdivisions of the state, including
counties, cities, and school districts, unless that immunity has been waived.  Harris
County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); San Antonio Indep.
Sch. Dist. v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996).  The doctrine of
sovereign immunity insulates agency action from judicial review unless a
statute provides for such review, the action violates constitutional procedural
due process, or the constitution waives the state's immunity from suit.  Sw.
Airlines v. Tex. High-Speed Rail Auth., 867 S.W.2d 154, 157 (Tex.
App.–Austin 1993, writ denied).  A suit against an agency of the State is
considered to be a suit against the State.  Lowe v. Tex. Tech Univ., 540
S.W.2d 297, 298 (Tex. 1976).  Therefore, a state agency, such as TDCJ, is entitled
to the same sovereign immunity as that enjoyed by the State of Texas.  See
Thomas v. Brown, 927 S.W.2d 122, 127-28 (Tex App.–Houston [14th Dist.]
1996, writ denied) (holding that a suit against a TDCJ employee was barred by
sovereign immunity).

            The Texas Tort Claims Act (“TTCA”) establishes a
limited waiver of this immunity and authorizes suits to be brought against
governmental units in certain narrowly-defined circumstances. Tex. Dep't of
Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); see Dallas Cty.
MHMR v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).  Under the TTCA,
governmental immunity is waived for property damage caused by the negligence of
a governmental employee acting in the course and scope of his employment if the
damage arises from the operation or use of a motor-driven vehicle or
motor-driven equipment.  See Tex.
Civ. Prac. & Rem. Code Ann.
§ 101.021(1)(A) (Vernon 2005).  There is no allegation by McBride that would
bring him within the purview of the TTCA.

              McBride also argues sovereign immunity does
not preclude a claim alleging that the State deprived the plaintiff of property
without due process of law.  He cites Martin v. State Bd. of Crim. Justice,
60 S.W.3d 226, 230 (Tex. App.–Corpus Christi 2001, no pet.), which in turn
cites Brazosport Sav. & Loan Asso. v. American Sav. & Loan Asso.,
342 S.W.2d 747, 750 (Tex. 1961) (holding that aggrieved persons can assert
direct claims for equitable relief against governmental entities for violations
of the provisions of the Texas Bill of Rights).  In Martin, the
plaintiff sought to have this Court declare that he had a liberty interest in
obtaining parole and a property interest in the return of his forfeited good
time credits.  Martin, 60 S.W.3d at 230.  We held that both of these issues
have previously been decided in the negative.  Id.  Texas law does not
create a liberty interest in parole or good time credit that is protected by
due process.  Id.  In Allison, the Fifth Circuit noted that a
challenge to parole review procedures which affect the duration of confinement
“might have implicated the narrow range of prisoner liberty interests remaining
after Sandin” but for the fact that Texas law does not create a liberty
interest in parole that is protected by the due process clause.  Allison v.
Kyle, 66 F.3rd. 71, 74 (5th Cir. 1995).  “It follows that because [the
prisoner] has no liberty interest in obtaining parole in Texas, he cannot
complain of the constitutionality of procedural devices attendant to parole
decisions.”  Id.  McBride provides no authority, state or federal,
indicating that he had a liberty interest in procuring a certain word processor
from a particular third party vendor.  Neither do we find any such authority.

            Appellees argue, with some merit, that McBride’s
claim is essentially one for money damages.  This is so because the word
processor in question has long since (2001-2004) been returned, destroyed, or
is no longer in existence.  Thus, the only available remedy would be money
damages.  Whether this is true or not, the courts have long recognized that the
legislature has the sole province to waive or abrogate sovereign immunity.  Tex.
Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 854 (Tex.
2002).  Legislative consent to sue the State must be expressed in "clear
and unambiguous language."  Id. (citing Tex. Gov't Code Ann. § 311.034 (Vernon 2002); Univ. of
Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex. 1994)). 
We find no express waiver of immunity, nor any constitutionally protected liberty,
that would waive or abrogate sovereign immunity.  We conclude that the trial
court could have properly dismissed McBride’s claims under sovereign immunity.

 

                                                            B. 
Inmate Litigation

            Appellees’ motion to dismiss was also based upon
chapter 14 of the civil remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon
2008).   Inmate litigation (except suits brought under the family code) in
which the inmate files an affidavit or unsworn declaration of inability to pay
costs is governed by special procedural rules set out in chapter fourteen of
the civil practice and remedies code.  Id.  The legislature enacted this
statute to control the flood of frivolous lawsuits being filed in Texas courts
by prison inmates; these suits consume many valuable judicial resources with
few offsetting benefits.  Hickson v. Moya, 926 S.W.2d 397, 399 (Tex.
App.–Waco 1996, no writ).  The rules set out in chapter 14 may not be modified
or repealed by the regular rules of civil procedure.  Tex. Civ. Prac. & Rem. Code Ann. § 14.014.  The trial
court has broad discretion to dismiss a lawsuit brought under chapter 14 as
frivolous or malicious. Id. § 14.003(a)(2); Jackson v. Tex. Dep't of
Crim. Justice, 28 S.W.3d 811, 812-813 (Tex. App.–Corpus Christi 2000, pet.
denied); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.).  In determining whether a claim is frivolous or
malicious, the trial court may consider whether:  (1) the claim’s realistic
chance of ultimate success is slight; (2) the claim has no arguable basis in
law or fact; (3) it is clear that the party cannot prove facts in support of
the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(b).

            The trial court previously dismissed McBride’s
claim against the TDCJ under chapter 14, and we affirmed the trial court’s
action.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)(2).  McBride has already been afforded a jury
trial on the same facts and virtually the same claims.  In one of our prior
opinions, we already noted that McBride was required to follow proper procedure
in order to purchase property from an outside vendor.  See McBride,
2008 Tex. App. LEXIS 1471, at *8.  The evidence supporting the adverse jury
verdict showed McBride failed to file an I-60 request form signed by the
warden.  Id.  The warden and Officer Menchaca testified that no
permission was granted to McBride.  Id.  McBride himself testified he
did not comply with the requirements of the I-60 request.  Id. 
McBride’s claims have little or no realistic chance of success, and the claim
is substantially similar to a previous claim filed by the inmate arising from
the same operative facts.  We therefore hold that the trial court did not abuse
its discretion by dismissing the claims under chapter 14.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2).

IV. Time to Cure Defects

            McBride also argues that the trial court abused
its discretion by dismissing his complaint with prejudice without affording him
an opportunity to amend his pleadings.  Chapter 14 empowers a trial court to
dismiss an action as frivolous or malicious either before or after service of
process.  See id. § 14.003(a). 
Accordingly, the trial court is under no duty to suggest that the appellant
amend his pleadings.  See Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex.
App.–Houston [14th Dist.] 1990, no writ) (applying the identical language of
civil practice and remedies code section 13.001(c)). 

             Even had McBride been allowed to amend his
petition, presumably he would have added TDCJ.  TDCJ was previously dismissed
from this litigation by the trial court, and that judgment was affirmed by this
court.  Thus, a claim against TDCJ would have been barred by res judicata.  See
Steger v. Muenster Drilling Co., Inc., 134 S.W.3d 359, 368 (Tex.
App.–Fort Worth 2003, pet. denied).  Res judicata is normally either claim
preclusion (res judicata) or issue preclusion (collateral estoppel).  Id. 
Like claim preclusion, res judicata prevents the relitigation of a claim or
cause of action that has been finally adjudicated, as well as related matters
that, with the use of diligence, should have been adjudicated.  Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 627 (Tex. 1992).  Res judicata
includes three elements:  (1) prior final judgment on the merits by a court of
competent jurisdiction; (2) identity of parties or those in privity with them;
and (3) a second action based on the same claims that were raised or could have
been raised in the first action.  Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996).  All three elements are present here.  Thus, in
context, had McBride been able to amend, such amendment would have been subject
to the obvious defense of res judicata.  We overrule this issue.

                                                            V. Clarification

            Without citation to authority, McBride claims
the trial court erred by failing to clarify the grounds for its dismissal with
prejudice.  However, we have upheld at least two of the possible grounds for
dismissal.  If the judgment of the trial court can be upheld on any grounds, we
are to affirm its judgment.  Burns, 825 S.W.2d at 200.  Thus, the error,
if any, by the trial court is harmless.  See Tex. R. App. P. 44.1(a)(1).  We overrule this issue.    

VI. Conclusion

            We conclude that the trial court could have
properly dismissed McBride’s claims under chapter 14 or by application of the
doctrine of sovereign immunity.  We need not address the proof, or lack thereof,
concerning the capacity to be sued because it is not necessary to our final
disposition.  See Tex. R. App. P. 47.1. 
The judgment of the trial court is affirmed.

                                                                                                            

                                                                                                            DON
WITTIG,

Justice

 

Delivered and filed the

28th day of April, 2011. 

 









[1]
Retired Fourteenth Court of Appeals
Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to the government code.  See Tex. Gov't Code Ann. § 74.003 (Vernon
2005).