

# NUMBER 13-09-00521-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| KIRK WAYNE McBRIDE, SR., | Appellant, |

v.

| | |
|---|---|
| DIRECTOR'S REVIEW COMMITTEE AND MAIL SYSTEMS COORDINATOR'S PANEL, | Appellees. |

### On appeal from the 156th District Court of Bee County, Texas

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Wittig[1]
### Memorandum Opinion by Justice Wittig

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

Appellant, Kirk Wayne McBride, Sr., pro se, challenges the trial court's dismissal with prejudice of his claims against two committees of the Texas Department of Criminal Justice. In his appeal, he claims that appellees, Director's Review Committee and Mail Systems Coordinator's Panel, ("committees") did not file a verified pleading challenging their capacity to be sued; that there was no evidence appellees lacked capacity; that McBride should have been allowed to cure any pleading defects; that sovereign immunity did not pertain; and finally, that the trial court erred by failing to clarify its order of dismissal. We affirm.

## I. BACKGROUND

Appellant previously was afforded a jury trial on essentially the same claims he now makes against appellees. Before the trial court severed the present case, appellant had also sued Texas Department of Criminal Justice ("TDCJ") for violation of the Deceptive Trade Practices Act ("DTPA"); Thomas J. Prasifka, Denise Menchaca, and William Stephens for (1) the common law tort of conversion, (2) deprivation of personal property under the Fourteenth Amendment, and (3) assumpsit; and K. M. Weseman for denial of adequate medical treatment under the Eighth Amendment. The trial court dismissed McBride's claims against the TDCJ and entered an instructed verdict in favor of Weseman. The jury ruled in favor of appellees, Prasifka, Menchaca, and Stephens. We affirmed the trial court's judgment in *Kirk Wayne McBride, Sr. v. Texas Department of Criminal Justice, et al.*, Nos. 13-05-00391-CV & 13-05-00392-CV, 2008 Tex. App. LEXIS 1471, at *2 (Tex. App.–Corpus Christi Feb. 28, 2008, pet. denied), (mem. op.).

2

Appellant also separately appealed a default judgment he obtained against appellees. On a restricted cross-appeal, appellees claimed service of process upon them was defective and that they could not be sued as separate legal entities. Because that record did not demonstrate strict compliance with the rules governing service of process, we reversed the judgment and remanded for further proceedings to include the capacity issue. *Kirk Wayne McBride, Sr. v. Mail System Coordinator's Panel and Director's Review Committee*, No. 13-05-560, 2008 LEXIS 3906 (Tex. App.–Corpus Christi, May 22, 2008, pet. denied) (mem. op.).

While incarcerated at the McConnell Unit of the TDCJ, McBride purchased a word processor from a vendor outside the prison. The mail room provided McBride with a returned package form explaining that a package had not been approved and had been returned to the sender. Later, McBride was notified on a TDCJ correspondence (contraband) denial form that his package was denied because, among other things, it was not "approved per offender property policy/warden." McBride maintained that he had an implied agreement with Shannon O'Reilly, representative of T. Prasifka, to purchase a second word processor from Will Repair Service in March 2004. We surmise that McBride believes he had some type of implied settlement agreement through O'Reilly that would have allowed his purchase of the word processor. However, as we noted above, McBride's claims against Prasifka were denied in an earlier jury trial and that judgment was affirmed on appeal.

3

## II. STANDARD OF REVIEW

We review the trial court's dismissal of an inmate's claims under chapter 14 for an abuse of discretion. *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.–Houston [14th Dist.] 2002, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398-99 (Tex. App.–Waco 1996, no writ). In reviewing a trial court's decision under an abuse of discretion standard, we must determine whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The exercise of discretion is within the sole province of the trial court, and an appellate court may not substitute its discretion for that of the trial judge. *Johnson v. Fourth Court of Appeals.*, 700 S.W.2d 916, 918 (Tex. 1985). The judgment of the trial court will be affirmed if that judgment can be upheld on any reasonable theory supported by the evidence. *Ex parte E.E.H.*, 869 S.W.2d 496, 497-98 (Tex. App.–Houston [1st Dist.] 1993, writ denied); *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.–Houston [14th Dist.] 1992, writ denied). We consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm. *State v. Knight*, 813 S.W.2d 210, 211 (Tex. App.–Houston [14th Dist.] 1991, no writ).

## III. DISCUSSION

In his first issue, McBride argues that appellees, the two committees, failed to verify by affidavit their lack of capacity, citing a criminal case and a United States Supreme Court case. We acknowledge McBride's argument as true that under rule 93,

a verified denial is required to raise a defense that a defendant does not have legal capacity to be sued. *See* Tᴇx. R. Cɪᴠ. P. 93(1). McBride contends the committees' affidavit was not signed or dated. Our review of the record indicates that Kimberly Fuchs, Assistant Attorney General, signed the verified denial. The pleading is dated by the notice of electronic filing, July 15, 2009, by certificate of service dated July 15, 2009, and by the District Clerk's file mark of July 15, 2009. The verification by a notary public indicates Fuchs personally appeared, was known to the notary, was administered an oath, that the facts stated were within her personal knowledge, and that Fuchs on her oath stated such facts were true and correct.

An affidavit is a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." *Perkins v. Crittenden*, 462 S.W.2d 565, 567-68 (Tex. 1970). The jurat of an affidavit is a "certificate by a competent officer that the writing was sworn to by the person who signed it." *Hill v. Floating Decks of Am.*, 590 S.W.2d 723, 729 (Tex. Civ. App.–San Antonio 1979, no writ). However, no particular terminology is required to render a document an affidavit because it is the substance and not the form of an affidavit that is significant. *Acme Brick, Div. of Justin Indus. v. Temple Assoc.*, 816 S.W.2d 440, 441 (Tex. App.–Waco 1991, writ denied); *Norcross v. Conoco*, 720 S.W.2d 627, 630 (Tex. App.–San Antonio 1986, no writ).

We hold that the committees' affidavit is substantially compliant with applicable law and was sufficient to raise the issue of capacity to be sued. *See Acme Brick*, 816

S.W.2d at 441.

## A. SOVEREIGN IMMUNITY

Included in appellees' motion to dismiss was the defense of sovereign immunity. Generally, sovereign immunity protects the state against lawsuits for money damages, unless the state has consented to be sued. *Tex. Dep't of Crim. Justice v. McBride*, 317 S.W.3d 731, 732 (Tex. 2010)*; see Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts, unless that immunity has been waived. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex. 1996). The doctrine of sovereign immunity insulates agency action from judicial review unless a statute provides for such review, the action violates constitutional procedural due process, or the constitution waives the state's immunity from suit. *Sw. Airlines v. Tex. High-Speed Rail Auth.*, 867 S.W.2d 154, 157 (Tex. App.–Austin 1993, writ denied). A suit against an agency of the State is considered to be a suit against the State. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Therefore, a state agency, such as TDCJ, is entitled to the same sovereign immunity as that enjoyed by the State of Texas. *See Thomas v. Brown*, 927 S.W.2d 122, 127-28 (Tex App.–Houston [14th Dist.] 1996, writ denied) (holding that a suit against a TDCJ employee was barred by sovereign immunity).

6

The Texas Tort Claims Act ("TTCA") establishes a limited waiver of this immunity and authorizes suits to be brought against governmental units in certain narrowly-defined circumstances. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *see Dallas Cty. MHMR v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). Under the TTCA, governmental immunity is waived for property damage caused by the negligence of a governmental employee acting in the course and scope of his employment if the damage arises from the operation or use of a motor-driven vehicle or motor-driven equipment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A) (Vernon 2005). There is no allegation by McBride that would bring him within the purview of the TTCA.

McBride also argues sovereign immunity does not preclude a claim alleging that the State deprived the plaintiff of property without due process of law. He cites *Martin v. State Bd. of Crim. Justice*, 60 S.W.3d 226, 230 (Tex. App.–Corpus Christi 2001, no pet.), which in turn cites *Brazosport Sav. & Loan Asso. v. American Sav. & Loan Asso.*, 342 S.W.2d 747, 750 (Tex. 1961) (holding that aggrieved persons can assert direct claims for equitable relief against governmental entities for violations of the provisions of the Texas Bill of Rights). In *Martin*, the plaintiff sought to have this Court declare that he had a liberty interest in obtaining parole and a property interest in the return of his forfeited good time credits. *Martin*, 60 S.W.3d at 230. We held that both of these issues have previously been decided in the negative. *Id.* Texas law does not create a liberty interest in parole or good time credit that is protected by due process. *Id.* In *Allison*, the Fifth Circuit noted that a challenge to parole review procedures which

7

affect the duration of confinement "might have implicated the narrow range of prisoner liberty interests remaining after *Sandin*" but for the fact that Texas law does not create a liberty interest in parole that is protected by the due process clause. *Allison v. Kyle*, 66 F.3rd. 71, 74 (5th Cir. 1995). "It follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id.* McBride provides no authority, state or federal, indicating that he had a liberty interest in procuring a certain word processor from a particular third party vendor. Neither do we find any such authority.

Appellees argue, with some merit, that McBride's claim is essentially one for money damages. This is so because the word processor in question has long since (2001-2004) been returned, destroyed, or is no longer in existence. Thus, the only available remedy would be money damages. Whether this is true or not, the courts have long recognized that the legislature has the sole province to waive or abrogate sovereign immunity. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002). Legislative consent to sue the State must be expressed in "clear and unambiguous language." *Id.* (citing TEX. GOV'T CODE ANN. § 311.034 (Vernon 2002); *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994)). We find no express waiver of immunity, nor any constitutionally protected liberty, that would waive or abrogate sovereign immunity. We conclude that the trial court could have properly dismissed McBride's claims under sovereign immunity.

## B. INMATE LITIGATION

Appellees' motion to dismiss was also based upon chapter 14 of the civil remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2008). Inmate litigation (except suits brought under the family code) in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set out in chapter fourteen of the civil practice and remedies code. *Id.* The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with few offsetting benefits. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ). The rules set out in chapter 14 may not be modified or repealed by the regular rules of civil procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 14.014. The trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. *Id.* § 14.003(a)(2); *Jackson v. Tex. Dep't of Crim. Justice*, 28 S.W.3d 811, 812-813 (Tex. App.–Corpus Christi 2000, pet. denied); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). In determining whether a claim is frivolous or malicious, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

The trial court previously dismissed McBride's claim against the TDCJ under

9

chapter 14, and we affirmed the trial court's action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). McBride has already been afforded a jury trial on the same facts and virtually the same claims. In one of our prior opinions, we already noted that McBride was required to follow proper procedure in order to purchase property from an outside vendor. *See McBride*, 2008 Tex. App. LEXIS 1471, at *8. The evidence supporting the adverse jury verdict showed McBride failed to file an I-60 request form signed by the warden. *Id.* The warden and Officer Menchaca testified that no permission was granted to McBride. *Id.* McBride himself testified he did not comply with the requirements of the I-60 request. *Id.* McBride's claims have little or no realistic chance of success, and the claim is substantially similar to a previous claim filed by the inmate arising from the same operative facts. We therefore hold that the trial court did not abuse its discretion by dismissing the claims under chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2).

## IV. TIME TO CURE DEFECTS

McBride also argues that the trial court abused its discretion by dismissing his complaint with prejudice without affording him an opportunity to amend his pleadings. Chapter 14 empowers a trial court to dismiss an action as frivolous or malicious either before or after service of process. *See id.* § 14.003(a). Accordingly, the trial court is under no duty to suggest that the appellant amend his pleadings. *See Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1990, no writ) (applying the identical language of civil practice and remedies code section 13.001(c)).

10

Even had McBride been allowed to amend his petition, presumably he would have added TDCJ. TDCJ was previously dismissed from this litigation by the trial court, and that judgment was affirmed by this court. Thus, a claim against TDCJ would have been barred by res judicata. *See Steger v. Muenster Drilling Co., Inc.*, 134 S.W.3d 359, 368 (Tex. App.–Fort Worth 2003, pet. denied). Res judicata is normally either claim preclusion (res judicata) or issue preclusion (collateral estoppel). *Id.* Like claim preclusion, res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been adjudicated. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 627 (Tex. 1992). Res judicata includes three elements: (1) prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). All three elements are present here. Thus, in context, had McBride been able to amend, such amendment would have been subject to the obvious defense of res judicata. We overrule this issue.

## V. CLARIFICATION

Without citation to authority, McBride claims the trial court erred by failing to clarify the grounds for its dismissal with prejudice. However, we have upheld at least two of the possible grounds for dismissal. If the judgment of the trial court can be upheld on any grounds, we are to affirm its judgment. *Burns*, 825 S.W.2d at 200. Thus, the

11

error, if any, by the trial court is harmless.   *See* TEX. R. APP. P. 44.1(a)(1).   We overrule this issue.

## VI. CONCLUSION

We conclude that the trial court could have properly dismissed McBride's claims under chapter 14 or by application of the doctrine of sovereign immunity.   We need not address the proof, or lack thereof, concerning the capacity to be sued because it is not necessary to our final disposition.   *See* TEX. R. APP. P. 47.1.   The judgment of the trial court is affirmed.

DON WITTIG,
Justice

Delivered and filed the
28th day of April, 2011.

12